MINNEAPOLIS THRESHING MACHINE COMPANY v. DAVID BURTON.[1]

May 5, 1905.

No. 14,298—(71).

**Conversion.**

Whether an arrangement between the general agent of plaintiff and a third person was independent of the agency contract was a question litigated without objection; and *held*, that the evidence authorizing the consideration of this issue reasonably supports the verdict.

**Evidence—Exceptions to Charge to Jury.**

Where, upon an issue of fact, the court submits a question properly within evidence received to a jury, such claims as might be predicated upon objections to evidence cannot be raised by exception to the instructions of the trial court upon the ground that the same were immaterial.

Appeal by plaintiff from an order of the district court for Traverse county, Flaherty, J., denying a motion for a new trial. Affirmed.

*Lewis E. Jones* and *Jones & King,* for appellant.

*F. W. Murphy,* for respondent.

LOVELY, J.

Action for conversion of a "Victory separator, feeder, and stacker." It was tried to a jury, there was a verdict for defendant, a motion for new trial was denied, and from this order plaintiff appeals.

Defendant was the sales agent of plaintiff, authorized to act in Traverse county. By the terms of the agency contract, plaintiff was entitled to all property for which exchanges were made by defendant; and it is urged on this review that the property in question, by rea-

[1] Reported in 103 N. W. 335.

son of the provisions of such contract, belonged to the machine company. Conceding that counsel's interpretation of the contract is correct, and that the separator or seeder and stacker had been received by defendant, and hence, under the terms of the contract, would belong to the company, this is not determinative of defendant's rights under the evidence or instructions to the jury at the trial.

The Town of Monson Threshing Company, in Traverse county, desired to purchase an outfit. The general agent of plaintiff (one Dumbolton) effected the sale thereof, which was within defendant's territory, and to some extent the latter seems to have aided in effecting such sale. At all events, under the evidence, the testimony tended to show that the agent Dumbolton recognized the defendant as interested in the sale to the Monson Threshing Company, and agreed with him that he should have the property in suit in lieu of any commissions which he could claim therefor from the plaintiff, and it was delivered under such agreement. The evidence to establish this arrangement between the general agent and the Town of Monson Threshing Company was received without objection. The assignments of error by plaintiff's counsel are based upon instructions of the trial court resting upon evidence that was received in the case, which was of itself reasonably sufficient to sustain the defendant's claim of ownership and right to possession thus litigated, for it does not necessarily follow that the plaintiff could not waive the provisions in the agency contract, and, by an agreement independent thereof, transfer to the defendant the separator, feeder, and stacker for aiding in the sale of its property. Although the agency contract applied in this case it did not necessarily follow from its existence, and it cannot be presumed either that the general agent, Dumbolton, had no authority to waive any provision in the contract, or that, acting for the company, he had no right to make the arrangements relied on.

Upon the litigated questions in this case the trial court instructed the jury substantially that, if they found the contract between the general agent and the Monson Threshing Company was conducted independently of the agency contract between plaintiff and defendant, the latter must be regarded as the owner of the property, and that the transfer to him by the general agent was binding upon the principal. There was evidence to sustain the verdict, and plaintiff is not authorized,

by exceptions to instructions of the court which solely question their materiality, to consider the same. This should have been first presented upon appropriate objections and limitations on the production of the proofs, which was not done.

Order affirmed.